**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Alvarado, | No. CV-18-02598-PHX-ESW |
| Plaintiff, | **REPORT AND RECOMMENDATION AND ORDER** |
| v. | |
| United States Government, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. McNAMEE, UNITED STATES DISTRICT JUDGE**:

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and a Complaint (Doc. 1).

## I. DISCUSSION

**A. Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2)**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). In the application to proceed without prepaying fees or costs, Plaintiff has declared under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff presents financial information to support his application. Given Plaintiff's lack of income and the absence of any significant assets, Plaintiff has met his burden of proof, and his motion will be granted.

**B. Screening of In Forma Pauperis Complaint (Doc. 1)**

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal –

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints"). The Court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

In order to state a claim for relief, the Federal Rules of Civil Procedure require that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft *v. Iqbal*, 556 U.S. 662, 678 (2009), and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those

elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

### C. Plaintiff's Complaint (Doc. 1)

Here, Plaintiff's Complaint (Doc.1) fails to satisfy the federal pleading requirements. Plaintiff's complaint is incoherent and unintelligible. Plaintiff states that "U.S MILITARY U.S GOVERNMENT ARE LETTING OTHER INNOCENT CIVILIANS TRY RIP ME OFF BY USING A U.S GOV AND U.S MILITARY STAELITTES WHICH HAVE FOLLLED ME AROUND 14 YEARS AND THEY WERE REVIEWING IN MY EAR DRUM…." (Doc.1). The Complaint (Doc. 1) does not provide a short and plain statement of Plaintiff's claims, nor simple, concise, and direct allegations. Plaintiff has not included any facts describing how Defendant's actions were unlawful in any clear, legally cognizable way, or how those actions harmed Plaintiff in a manner sufficient to raise a plausible right to relief. Plaintiff cites no legal authority. Plaintiff's Complaint (Doc. 1) fails to provide Defendants with sufficient notice of how they allegedly violated Plaintiff's legal rights. The Court will dismiss Plaintiff's Complaint (Doc. 1) without prejudice.

### D. Leave to Amend

Plaintiff will be granted leave to amend his complaint. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Any amended complaint filed by

Plaintiff must conform to the requirements of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

Plaintiff further is advised that if he elects to file an amended complaint but fails to comply with the instructions explained in this Order, fails to prosecute this action, or otherwise fails to comply with the federal and local rules, the Court may dismiss this action. *See* Fed. R. Civ. P. 41(b); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if jurisdiction is lacking") (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply with a court order).

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS RECOMMENDED** that the Complaint (Doc. 1) be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff be granted leave to file a First Amended Complaint in accordance with this Report and Recommendation no later than thirty days from the date the Court rules on the Report and Recommendation.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, the First Amended Complaint shall not be served until and unless the Court screens it pursuant to 18 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that if Plaintiff elects not to file a First Amended Complaint within thirty days of the Court's ruling on the Report and Recommendation herein, the Court order the Clerk of Court to enter judgment dismissing this action without further notice to Plaintiff or Order of the Court.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 20th day of August, 2018.

_____
Eileen S. Willett
United States Magistrate Judge